IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2264-D

| | | |
|---|---|---|
| MOSES LEON FAISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |

On December 13, 2010, Moses Leon Faison ("Faison" or "petitioner"), a state inmate, petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. Faison seeks leave to proceed in forma pauperis [D.E. 3]. On January 14, 2011, Faison filed a motion to appoint counsel [D.E. 4]. On February 14, 2011, Faison filed a motion to amend his petition [D.E. 6]. Between February 17 and 28, 2011, Faison filed three motions to suppress evidence [D.E. 8, 11–12, 16]. Additionally, between February 15 and March 8, 2011, Faison has filed several affidavits and other supplements to his petition [D.E. 7, 9–10, 14–15, 17–19].

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court must dismiss any petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." The court may sua sponte dismiss a section 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); see Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). As explained below, the court grants Faison's motion to amend, dismisses the petition as untimely, and denies Faison's remaining motions.

I.

A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of opposing counsel or by leave of court. Fed. R. Civ. P. 15(a)(2). Because Faison's petition is subject to a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, no respondent has been served. Accordingly, Faison's motion to amend his petition is granted, and the court reviews all of Faison's filings together to determine whether Faison has stated any claim upon which relief may be granted.

On May 24, 1993, in Greene County Superior Court, Faison was indicted for first-degree murder, armed robbery, and conspiracy, arising out of the December 29, 1992 robbery and murder of Steven Elbert Moss. Pet., Attachs. at 14 (indictment). On February 2, 1994, Faison pleaded guilty to and was convicted of first-degree murder and sentenced to life imprisonment. Pet. 1, Attachs. at 9. Faison did not appeal. Pet. 2. On December 3, 2007, Faison filed a motion for appropriate relief ("MAR"), which the North Carolina Supreme Court denied on March 6, 2008.[1] See Pet. 4, Attachs. at 10; State v. Faison, 660 S.E.2d 468 (N.C. 2008). It also appears that in 2004, Faison filed two motions in Greene County Superior Court for preparation of a stenographic transcript, both of which were denied. See Pet., Attachs. at 13 (Aug. 16, 2004 Greene County Superior Court order).

In his petition and other filings, Faison asserts that he did not commit the murder. Specifically, Faison acknowledges he was present during the robbery, but claims "it was a guy that

---

[1] Faison states he was not informed of the denial of his MAR until 2010. Pet. 6, 8, 11, 13.

was with me" who actually killed Moss. Mot. Amend at 1. Faison "t[ri]ed to stop the man from killing" Moss, then "left and was about a mile down the highway when [he] he[a]rd the gun shot." Id. at 1–2, 14–15. Faison also contends he did not have a gun. Id. at 2.

Faison makes several claims. First, Faison asserts that the judge and investigators who were involved in his criminal case "knew the man and his family that got killed," thus apparently creating an improper conflict of interest. Pet. 4, 7; see also [D.E. 12] at 3; [D.E. 16] at 5. Next, Faison asserts that his guilty plea was involuntary, and that he only pleaded guilty because his attorney told him he would be sentenced to death if he did not plead guilty. Pet. 5, 12; see also Mot. Amend 9–10; [D.E. 16] at 4–5; [D.E. 18] at 1; [D.E. 19] at 1. Next, Faison asserts that his attorney failed to present evidence regarding his mental capacity, and that even though Faison informed the court that his attorney "was[n't] helping me to his fullest," the court refused to appoint Faison a different attorney. Pet. 8, 12; see also Mot. Amend 10–11. Faison also contends his sentence was excessive. Pet. 6; see also Mot. Amend 10, 15; [D.E. 15]; [D.E. 19] at 1. Faison also challenges various pre-trial issues, including a search of his mother's home, being questioned by law enforcement officers without a Miranda warning,[2] and possibly his competency to stand trial. [D.E. 8] at 3; [D.E. 10] at 1; [D.E. 11] at 1; [D.E. 12] at 1, 7–8; [D.E. 14]; [D.E. 18] at 2–3.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a person in custody pursuant to the judgment of a state court file any application for a writ of habeas

---

[2] Faison's February 17, 2011 motion to suppress appears to be a handwritten copy of a motion by his attorney in his criminal case seeking to suppress statements made by Faison on the ground that "said statements were not voluntarily made and also said statements were obtained in violation of the defendant's right to counsel prior to and during the interrogation." [D.E. 11] at 1. In any event, in light of his guilty plea, Faison's challenges to events preceding his guilty plea come too late. See, e.g., Tollett v. Henderson, 411 U.S. 258, 267 (1973).

3

corpus within a one-year period of the latest of certain dates. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period begins running from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The limitation period under section 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). An application for post-conviction or other collateral review is "pending" from initial filing in the state courts until final disposition in the state courts. Taylor, 186 F.3d at 561. The period between the time a petitioner's conviction becomes final and the time that a petitioner files a state application for post-conviction relief counts against the one-year period of limitation. See, e.g., Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000); Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998). The statutory period then resumes after the state court of appeals denies a petitioner's certiorari petition. See, e.g., Hernandez, 225 F.3d at 438.

Subsection (A) of section 2244(d)(1) requires the court to determine when petitioner's judgment became final. Because Faison did not seek review in the North Carolina Court of Appeals, his conviction became final no later than February 16, 1994, when the 14-day time period to serve notice of appeal expired. See N.C. R. App. P. 4(a)(2) (notice of appeal may be filed within 14 days of judgment); cf. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Because Faison's conviction became final before April 24, 1996, the effective date of AEDPA's enactment, in the absence of any intervening circumstances, Faison had up to and including April 24, 1997 to file the instant petition. Hernandez, 225 F.3d at 437–38; Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). Faison failed to meet this deadline, and his 2007 MAR and other state court motions did not serve to reopen his time for filing a habeas petition. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Therefore, Faison's limitations period expired on April 24, 1997. Accordingly, absent equitable tolling, Faison's December 13, 2010 petition is untimely.

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560–62 (2010). Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation omitted); Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, Nos. 10-1, 10-3, 2011 WL 1534571, at *11 (4th Cir. Apr. 25, 2011). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

5

Unfamiliarity with the legal process, lack of representation, or even illiteracy do not constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam). Likewise, a mistake of counsel does not serve as a ground for equitable tolling. See, e.g., Harris, 209 F.3d at 330–31.

Faison acknowledges that his petition is untimely, but contends the delay is due to the failure of the state courts to inform him of the denial of his MAR. Pet. 13. However, as noted, Faison's MAR was filed outside the limitations period, and thus Faison has failed to show extraordinary circumstances necessary for equitable tolling of the limitation period. Moreover, Faison's arguments relating to his liability for the murder of Moss by his co-defendant appear doomed in light of State v. Rush, 196 N.C. App. 307, 312–13, 674 S.E.2d 764, 769–70, disc. rev. denied, 363 N.C. 587, 683 S.E.2d 706 (2009). In sum, Faison's December 13, 2010 petition is dismissed as time-barred.

III.

As explained above, petitioner's motion to amend his petition [D.E. 6] is GRANTED, and petitioner's application for habeas corpus relief [D.E. 1] is DISMISSED. Petitioner's remaining motions [D.E. 3–4, 8, 11, 16] are DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This 4 day of August 2011.

JAMES C. DEVER III
United States District Judge